IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| SAMELLA ANDERSON | * | CIVIL ACTION NO. 09-0223 |
| VERSUS | * | JUDGE JAMES |
| SHERIFFS DEPT MADISON PARISH, ET AL | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss filed by Defendant, the Madison Parish Sheriff's Department ("Defendant") [Doc. #6]. The motion is unopposed. For reasons stated below, the undersigned recommends that the motion be GRANTED.

## BACKGROUND

On February 9, 2009, Plaintiff Samella Anderson filed the above-captioned action under 42 U.S.C. § 1983. On April 9, 2009, Defendant filed the instant motion to dismiss on the ground that it is not an entity that is capable of being sued under Louisiana law and, therefore, that Plaintiff's claims against it should be dismissed on such ground.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In evaluating a motion to dismiss, "the District Court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993) (citation omitted). The factual allegations need not be detailed, but they must be more than labels, conclusions, or a recitation of the elements of the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Defendant contends that because it does not have the capacity to be sued, Plaintiff's

claims against it should be dismissed.  The undersigned agrees.  In order to be subject to suit, a party must have the capacity to sue or be sued.  *Lewis v. Sheriff's Office of Calcasieu Parish*, 2008 WL 5191766, *2 (W.D.La. Nov. 14, 2008) (citing Fed. R. Civ. P. 17).  Federal Rule of Civil Procedure 17(b) indicates that in this case capacity is determined "by the law of the state where the court is located."  Fed. R. Civ. P. 17(b)(3).  The issue of whether Louisiana law permits a parish sheriff's department to be sued has been considered by numerous Louisiana state courts and federal courts in the Fifth Circuit, and such jurisprudence reveals that it is clear that a parish sheriff's department is not a juridical person and, therefore, is not amenable to suit.  *See Id*. ("A 'sheriff's office' is a non-entity and is incapable of being sued in Louisiana; rather, it is the sheriff in his or her official capacity that it the proper party to a complaint.");  *Cozzo v. Tangipahoa Parish Council-President Gov't.*, 279 F.3d 273 (5th Cir. 2004) ("a sheriff's office is not a legal entity capable of being sued"); *Pennington v. Mancuso*, 2007 WL 4321928, *1 n.1 (W.D.La. Oct. 18, 2007); *Jones v. Mancuso*, 2007 WL 2746699, *5 (Aug. 6, 2007); *Evans v. City of Homer*, 2007 WL 2710792, *4 (W.D.La. Sept. 12, 2007); *Valentine v. Bonneville Ins. Co.*, 691 So. 2d 665, 668 (La. 1997) (citation omitted) ("The law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff.");  *Slocum v. Litchfield*, 964 So. 2d 1006, 1007 (La.App. 1 Cir. 2007).  Therefore, in this case, it is the Madison Parish Sheriff, whom Plaintiff has named, that is the proper defendant.

Accordingly, as it is clear that Defendant is not amenable to suit, it is recommended that Defendant's motion to dismiss [Doc. #6] be **GRANTED** and that Plaintiff's claims against Defendant be **DISMISSED with prejudice**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten**

**(10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 30th day of April, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE