RECEIVED
IN MONROE, LA.
NOV 1 6 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SAMELLA ANDERSON | CIVIL ACTION NO. 09-0223 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MADISON PARISH SHERIFF'S DEPARTMENT, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

This lawsuit arises from Plaintiff Samella Anderson's ("Anderson") February 8, 2008 arrest. Anderson brought suit against Defendants Sheriff Larry Cox, Deputy Sammy Byrd, and Chief Deputy Lisa Byrd under 42 U.S.C. § 1983, asserting constitutional violations stemming from her false arrest and malicious prosecution, and from Defendants' use of excessive force.

Pending before the Court is a Motion for Summary Judgment [Doc. No. 14]. For the following reasons, Defendants' Motion is DENIED. However, this suit is STAYED pending the outcome of the criminal charges against Anderson in state court arising out of the February 8, 2008 incident.

I. FACTUAL AND PROCEDURAL BACKGROUND[1]

On February 5, 2008, Vera Davis ("Davis") submitted a check ("Davis check") to the Madison Parish Sheriff's Office ("MPSO") for payment of Anderson's property taxes.

On February 8, 2008, Anderson entered the MPSO and submitted her own check for payment

---

[1] Normally, if a plaintiff fails to file an opposition memorandum and statement of contested material facts the Court would deem the defendant's statement of uncontested material facts admitted for purposes of the instant motion. Loc. R. 56.2. However, the Court finds that a majority of Defendants' recitation of the facts is incomprehensible. Therefore, it is unclear what, if anything, could be deemed admitted. The Court has attempted to decipher Defendants' facts and recounts the alleged facts here for contextual purposes only.

of her property taxes. In return, she was given the Davis check and a receipt evidencing the Davis check ("Davis receipt").

Immediately thereafter, Deputy Ann Shepard ("Shepard") asked Anderson to return the Davis receipt. Anderson refused. What happened next is unclear. Anderson either allowed Shepard to hold the Davis check or hold the Davis receipt. Shepard then explained to Anderson that the Davis receipt was no longer valid and it needed to be returned to the Madison Parish Tax Assessor. Anderson either took the Davis check or took the Davis receipt out of Shepard's hands and left the office.

Deputy Sammy Byrd and Chief Deputy Lisa Bird then approached Anderson outside of the office. Chief Deputy Lisa Bird told Anderson that if she did not return the Davis receipt, she would be arrested. Anderson refused to return the Davis receipt and attempted to leave the premises.

Anderson was then physically restrained from leaving and escorted to the Madison Parish Jail where she was formally processed and arrested. She was charged with violating LA. REV. STAT. 14:108 for resisting an officer, LA. REV. STAT. 14:67 for theft of property, and LA. REV. STAT. 14:103 for disturbing the peace.

On February 9, 2009, Anderson filed suit against the Madison Parish Sheriff's Department and Defendants under 42 U.S.C. § 1983, alleging false arrest, malicious prosecution, and use of excessive force. [Doc. No. 1].

On May 27, 2009, this Court dismissed Anderson's claims against the Madison Parish Sheriff's Department. [Doc. No. 12].

On October 19, 2009, Defendants filed a Motion for Summary Judgment against Anderson's claims. [Doc. No. 14]. Anderson did not file a memorandum in opposition to the Motion.

2

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

A motion for summary judgment cannot be granted simply because there is no opposition. An unopposed motion seeking summary judgment shall be granted "if appropriate." FED. R. CIV. P. 56(e). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* Unless the moving party meets this burden, the court may not grant the unopposed motion, regardless of whether any response was filed. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995).

### B. Excessive Force

Defendants assert that their use of force was not excessive to the need for force or was objectively reasonable under the circumstances.

Whether excessive force was used during Anderson's arrest is analyzed under the Fourth Amendment's reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). To

3

prevail, Anderson must show (1) an injury (2) that resulted directly and only from a use of force that was excessive to the need for force and (3) that the use of force was objectively unreasonable under the circumstances. *See Ramirez v. Knoulton*, 542 F.3d 124, 128 (5th Cir. 2008); *Bush v. Strain*, 513 F.3d 492, 501 (5th Cir. 2008). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. This determination "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

Defendants assert that a video of the incident proves that they did not use excessive force as a matter of law. However, the poor quality of the video makes it difficult to determine what happened at the time of the arrest without explanation by the parties. Additionally, the video does not depict what happened once Anderson was off camera. Therefore, the Court finds that there is a genuine issue of material fact whether Defendants used excessive force during, and/or immediately after Anderson's arrest.

## C. Appropriateness of Stay

Defendants also assert that according to the United States Supreme Court's ruling in *Heck v. Humphrey*, Anderson's claims are not currently cognizable under 42 U.S.C. § 1983. "In *Heck v. Humphrey*, the Supreme Court held that a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87

4

(1994)). "A § 1983 claim falls under the rule in *Heck* only when a judgment in favor of the plaintiff would necessarily imply the invalidity of a subsequent conviction or sentence." 74 F.3d at 102.

However, the *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). "If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended." *Id.* There are multiple criminal charges pending against Anderson in state court arising out of the February 8, 2008 incident. Therefore, this suit is STAYED pending the outcome of those charges.

## III. CONCLUSION

Accordingly, Defendants' Motion for Summary Judgment [Doc. No. 14] is DENIED. However, in accordance with the Supreme Court's ruling in *Wallace v. Kato*, this suit is STAYED pending the outcome of the criminal charges against Anderson in state court arising out of the November 8, 2008 incident. The parties shall file a status report with the Court immediately when the criminal charges are resolved.

MONROE, LOUISIANA, this 6 day of November, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

5