UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SAMELLA ANDERSON** | **CIVIL ACTION NO. 09-0223** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **MADISON PARISH SHERIFF'S DEPARTMENT, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

This case arises from Plaintiff Samella Anderson's ("Anderson") February 8, 2008 arrest when she was charged with resisting an officer, theft of property, and disturbing the peace.

On February 9, 2009, Anderson filed suit against Defendants Sheriff Larry Cox, Chief Deputy Lisa Byrd, and Deputy Sammy Byrd under 42 U.S.C. § 1983, asserting constitutional violations stemming from her false arrest and malicious prosecution and from Defendants' use of excessive force. On October 19, 2009, Defendants filed a Motion for Summary Judgment. [Doc. No. 14]. Defendants asserted, among other things, that Anderson's claims should be dismissed in accordance with the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). Anderson did not file a response to the motion. The Court denied the motion, but stayed the case pending the outcome of Anderson's criminal charges. [Doc. No. 17]. The Court stated:

> 'In *Heck v. Humphrey*, the Supreme Court held that a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question.' *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). 'A § 1983 claim falls under the rule in *Heck* only when a judgment in favor of the plaintiff would necessarily imply the invalidity of a subsequent conviction or sentence.' 74 F.3d at 102.
>
> However, the *Heck* rule applies only when there has been a conviction or

> sentence that has not been invalidated, not to pending criminal charges. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). 'If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended.' *Id*. There are multiple criminal charges pending against Anderson in state court arising out of the February 8, 2008 incident. Therefore, this suit is STAYED pending the outcome of those charges.

*Id*.

The Court also ordered the parties to file a status report when Anderson's criminal charges were resolved. [Doc. No. 18]. On July 21, 2010, Defendants filed a status report stating that Anderson was convicted of two charges arising out of her February 8, 2008 arrest: resisting an officer and theft of property. [Doc. No. 19].

Without further briefing, the Court is unable to determine if Anderson's excessive force and false arrest claims should be dismissed in accordance with the Supreme Court's holding in *Heck*. *See* 512 U.S. at 487 ("[I]f the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to suit."); *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008) (citations omitted) ("[A] § 1983 claim would not necessarily imply the invalidity of a resisting arrest conviction, and therefore would not be barred by *Heck*, if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim. Accordingly, a claim that excessive force occurred after the arrestee has ceased his or her resistance would not necessarily imply the invalidity of a conviction for the earlier resistance."); *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (citation omitted) ("It is well established that a claim of unlawful arrest, standing alone, does not *necessarily* implicate the validity of a criminal

prosecution following the arrest."). Therefore,

IT IS ORDERED that the stay is LIFTED.

IT IS FURTHER ORDERED that Anderson shall file a memorandum within fourteen (14) days of the date of this Memorandum Order explaining whether her excessive force and false arrest claims implicate the validity of her convictions. If Anderson fails to file a memorandum as ordered, the Court may dismiss this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.3M. Defendants may file a response within fourteen (14) days of the date of Anderson's memorandum.

Regarding Anderson's malicious prosecution claim, "[o]ne element that must be alleged and proved . . . is termination of the prior criminal proceeding in favor of the accused." *Heck*, 512 U.S. at 484 (citations omitted). In her Complaint, Anderson alleges, in essence, that Defendants maliciously charged her with crimes arising out of the February 8, 2008 arrest. Because Anderson has been convicted of charges arising out of the arrest, her malicious prosecution claim necessarily implicates the validity of those convictions. Therefore, the Court gives notice of its intent to *sua sponte* dismiss Anderson's malicious prosecution claim as barred by the Supreme Court's holding in *Heck*. If Anderson opposes dismissal of this claim, she may file a memorandum within fourteen (14) days of the date of this Memorandum Order. Defendants may file a response within fourteen (14) days of the date of Anderson's memorandum.

MONROE, LOUISIANA, this 26th day of July, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE