RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 9/3/10
BY ____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SAMELLA ANDERSON | CIVIL ACTION NO. 09-0223 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MADISON PARISH SHERIFF'S DEPARTMENT, ET AL. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

This case arises from Plaintiff Samella Anderson's ("Anderson") February 8, 2008 arrest and subsequent state criminal charges for resisting an officer, theft of property, and disturbing the peace.

On February 9, 2009, Anderson filed suit against Defendants Sheriff Larry Cox, Chief Deputy Lisa Byrd, and Deputy Sammy Byrd under 42 U.S.C. § 1983, asserting constitutional violations stemming from her alleged false arrest and malicious prosecution and from Defendants' alleged use of excessive force.

On October 19, 2009, Defendants filed a Motion for Summary Judgment. [Doc. No. 14]. Defendants asserted, among other things, that Anderson's claims should be dismissed in accordance with the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). Anderson did not file a response to the motion. The Court denied the motion, but stayed the case pending the outcome of Anderson's criminal charges. [Doc. No. 17].

The Court also ordered the parties to file a status report when Anderson's criminal charges were resolved. [Doc. No. 18]. On July 21, 2010, Defendants filed a status report stating that Anderson was convicted of two charges arising out of her February 8, 2008 arrest: resisting an officer and theft of property. [Doc. No. 19].

On July 26, 2010, the Court lifted the stay and ordered Anderson to brief the Court on whether her excessive force and false arrest claims implicate the validity of her convictions and should be dismissed in accordance with the Supreme Court's holding in *Heck*. [Doc. No. 20]. The Court also gave the parties notice of its intent to *sua sponte* dismiss Anderson's malicious prosecution claim.

On August 9, 2010, Anderson's counsel in her criminal trial sent a letter to the Court, stating that Anderson is "presently seeking appellate review of her conviction[s]." [Doc. No. 21]. On August 13, 2010, Anderson filed a memorandum, *pro se*, stating that she does not oppose the dismissal of her malicious prosecution claim, but that the Court should not dismiss her excessive force and false arrest claims until her appeal is concluded. [Doc. No. 22]. Defendants did not file a response.

The rule in *Heck* does not state that a § 1983 case should be stayed pending the results of an appeal. Rather, in *Heck*, the Supreme Court held that "a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citing *Heck*, 512 U.S. at 486-87). "A § 1983 claim falls under the rule in *Heck* only when a judgment in favor of the plaintiff would necessarily imply the invalidity of a subsequent conviction or sentence." *Id.*

Anderson has not shown that her conviction has been reversed, expunged, invalidated, or otherwise called into question. On the record before the Court, it appears that a judgment in Anderson's favor would necessarily imply that her convictions are invalid, i.e., that "the factual basis for [her] conviction[s] [are not] temporally and conceptually distinct from [her] excessive force" and

false arrest claims. *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008) (citations omitted). Therefore, the Court gives notice of its intent to *sua sponte* dismiss Anderson's excessive force and false arrest claims as barred by the Supreme Court's holding in *Heck*. If Anderson opposes dismissal of those claims for reasons other than the fact that she is appealing her convictions, she may file a memorandum within fourteen (14) days of the date of this Memorandum Order. Defendants may file a response within fourteen (14) days of the date Anderson's memorandum is filed.

Because Anderson does not oppose dismissal of her malicious prosecution claim and for the reasons stated in this Court's July 26, 2010 Memorandum Order, the Court will issue a judgment dismissing that claim.

MONROE, LOUISIANA, this 2 day of September, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE