RECEIVED
IN MONROE, LA

SEP 20 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SAMELLA ANDERSON | CIVIL ACTION NO. 09-0223 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MADISON PARISH SHERIFF'S DEPARTMENT, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

This case arises from Plaintiff Samella Anderson's ("Anderson") February 8, 2008 arrest and subsequent state criminal charges for resisting an officer, theft of property, and disturbing the peace.

On February 9, 2009, Anderson filed suit against Defendants Sheriff Larry Cox, Chief Deputy Lisa Byrd, and Deputy Sammy Byrd under 42 U.S.C. § 1983, asserting constitutional violations stemming from her alleged false arrest and malicious prosecution and from Defendants' alleged use of excessive force.

On October 19, 2009, the Court stayed this case pending the outcome of Anderson's criminal charges. [Doc. No. 17].

On July 21, 2010, Defendants filed a status report stating that Anderson was convicted of two charges arising out of her February 8, 2008 arrest: resisting an officer and theft of property. [Doc. No. 19].

On July 26, 2010, the Court lifted the stay and ordered Anderson to brief the Court on whether her excessive force and false arrest claims implicate the validity of her convictions and should be dismissed in accordance with the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). [Doc. No. 20]. The Court also gave the parties notice of its intent to *sua sponte* dismiss

Anderson's malicious prosecution claim. *Id.*

On September 3, 2010, the Court issued a Memorandum Order and Judgment [Doc. Nos. 23 & 24]. The Court gave notice of its intent to *sua sponte* dismiss Anderson's excessive force and false arrest claims and dismissed Anderson's malicious prosecution claim. [Doc. No. 23, p. 3]. The Court stated that "Anderson does not oppose the dismissal of her malicious prosecution claim . . . ." *Id.*.

On September 10, 2010, Anderson filed a Memorandum [Doc. No. 25] opposing dismissal of her excessive force and false arrest claims until her appeals of her convictions are concluded. Anderson also noted that, contrary to the Court's belief, she opposed the dismissal of her malicious prosecution claim. *Id.*

The Court has already rejected Anderson's argument that her excessive force and false arrest claims should not be dismissed until her appeals are concluded. *See* [Doc. No. 23]. Therefore, for the reasons stated in this Court's September 3, 2010 Memorandum Order, and in accordance with the Supreme Court's holding in *Heck v. Humphrey*, Anderson's excessive force and false arrest claims are DISMISSED WITHOUT PREJUDICE.

Regarding Anderson's malicious prosecution claim, the Court has already held that a judgment in favor of Anderson on that claim would necessarily imply the invalidity of her criminal convictions. [Doc. No. 23] (citing the Court's July 26, 2010 Memorandum Order, which held that Anderson's malicious prosecution claim necessarily implicates the validity of her criminal convictions). The fact that Anderson opposed dismissal of her malicious prosecution claim would not have changed the Court's holding.

The Court notes that all claims in this case have been dismissed **without prejudice**.

Therefore, if Anderson's criminal convictions are overturned on appeal, and there are no criminal charges pending against her arising from her February 8, 2008 arrest, she may refile her claims.

MONROE, LOUISIANA, this 18 day of September, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE